UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-68-FDW

| | |
|---|---|
| MARION LAMONT SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LAWRENCE PARSONS; ) | |
| JEFFREY WALL; KIERNAN ) | |
| SHANAHAN; K. GOODWIN, ) | |
| Correctional Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for reconsideration of the order dismissing his *pro se* civil rights complaint which he filed while he was a prisoner of the State of North Carolina. In the complaint, Plaintiff contended that one or more of the defendants were deliberately indifferent in failing to protect him from an assault. The Court found that Plaintiff's allegations failed to state a claim for relief and his complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. No. 10).

Although Plaintiff has captioned his motion as one for reconsideration, the Court finds that his claim for relief should be considered pursuant Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d

1

701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration as he is merely renewing the allegations that he presented in his complaint.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 10).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DISMISSED as moot.**

**IT IS SO ORDERED**.

Signed: June 22, 2015

Frank D. Whitney
Chief United States District Judge