IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00068-FDW

| | |
|---|---|
| MARION LAMONT SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| LAWRENCE PARSONS; JEFFREY ) | |
| WALL; KIERNAN SHANAHAN; ) | |
| K. GOODWIN, Correctional Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's Declaration regarding the date on which he contends he filed a notice of appeal from orders entered by this Court on June 1 and June 22, 2015, which orders determined the Plaintiff, who is a prisoner of the State of North Carolina, had failed to state a claim for deprivation of civil rights under 42 U.S.C. § 1983. (Doc. Nos. 8, 11).

The North Carolina Department of Public Safety (NC DPS), through counsel, has filed a redacted copy of the prison mailing log-in sheet from Maury Correctional Institution (CI) where Plaintiff has been housed since August 20, 2014, and at the time he filed his civil complaint and his motion for reconsideration. The log-in sheet provides evidence that Plaintiff submitted a document to prison authorities for mailing on July 14, 2015, that was addressed to NC Prisoner Legal Services in Raleigh, North Carolina. The log-in sheet does not identify the nature of the document. (Doc. No. 21-1 at 4). However, in his Declaration, Plaintiff explains that he did not personally deliver the notice of appeal, or what he terms "Motion for Relief of the Judgement [sic], Declaration and Notice of Appeal" (Notice of Appeal) to prison authorities at Maury CI; but

1

rather he enlisted a fellow inmate, Arthur Goulette, to submit the documents to the prison authorities. (Doc. No. 22: Declaration at 2). While the evidence submitted by the NC DPS does show that an inmate by the name of Arthur Goulette signed the log-in sheet on July 14, 2015, there is no indication in the redacted log that shows what mail was delivered to prison authorities by Goulette nor is the intended recipient apparent. (Id.).

In any event, the Court finds that (1) the Clerk noted in the ECF Docket that the order of dismissal and denial of reconsideration were mailed to Plaintiff on the day the respective orders were filed; (2) there is no evidence that those orders were ever returned as undeliverable to the Clerk's Office; (3) Plaintiff admits that he did not personally submit the Notice of Appeal to prison authorities; (4) there is no indication as to what document(s) Inmate Goulette submitted; (5) there is no statement by Inmate Goulette that has been filed with the Clerk's Office acknowledging that he in fact submitted the Notice of Appeal to prison authorities; and finally, (6) there is no record that the Notice of Appeal that was allegedly entrusted to Inmate Goulette ever reached the Clerk's Office.

Rule 4(c)(1) of the Federal Rules of Appellate Procedure provides that a prisoner's notice of appeal is deemed timely filed if it is deposited in the prison's designated mail system "on or before the last day for filing." In addition, the prisoner must use the designated mail system. Here, the evidence before the Court demonstrates that Plaintiff never personally submitted the Notice of Appeal to prison authorities. After having conducted the review required by the Fourth Circuit's limited remand, the Court finds that Plaintiff's Notice of Appeal was not timely filed.

**SO ORDERED**.

Signed: October 3, 2016

Frank D. Whitney
Chief United States District Judge